UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH O. OGUEJIOFOR,

        Plaintiff,

    v.

SERRAMONTE NISSAN,

        Defendant.
_____/

No. C-11-0544 EMC

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION**

**(Docket No. 12)**

Plaintiff Joseph O. Oguejiofor has filed suit against Defendant Serramonte Nissan ("Nissan"), his former employer, asserting claims for employment discrimination. Currently pending before the Court is Nissan's motion to compel arbitration. Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** the motion and stays proceedings pending the outcome of the arbitration.

## I. FACTUAL & PROCEDURAL BACKGROUND

In support of its motion to compel arbitration, Nissan has provided several agreements that were signed by Mr. Oguejiofor. Each contains an arbitration provision.[1]

First, Mr. Oguejiofor signed an "Applicant's Statement & Agreement," which contained the following arbitration provision:

---

[1] The Court notes that three of these documents were not provided by Nissan until it filed its reply brief. Nissan fails to explain why it did not provide these documents earlier, *i.e.*, in conjunction with its opening brief. While the Court does not condone this conduct by Nissan, it shall still consider the three documents as Mr. Oguejiofor has not asked the Court to strike the documents from the record. Even if Mr. Oguejiofor had moved to strike, the Court would not be inclined to grant the relief, particularly when Mr. Oguejiofor has admitted that the signature on the documents is his.

> I further agree and acknowledge that the Company and I will utilize binding arbitration to resolve all disputes that may arise out of the employment context. Both the Company and I agree that any claim, dispute, and/or controversy that either I may have against the Company . . . or the Company may have against me, arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the California Arbitration Act . . . . **I understand and agree to this binding arbitration provision, and both I and the Company give up our right to trial by jury of any claim I or the Company may have against each other.**

Sike Decl., Ex. A (Applicant's Statement & Agreement) (emphasis in original).

Second, Mr. Oguejiofor signed an "At-Will Employment and Binding Arbitration Agreement," which contained the following arbitration provision:

> I also acknowledge that the Company utilizes a system of alternative dispute resolution which involves binding arbitration to resolve all disputes which may arise out of the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Company and myself, I and the Company both agree that any claim, dispute, and/or controversy that either party may have against one another . . . arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company . . . shall be subjected to ad determined exclusively by binding arbitration. . . . I agree that the arbitration and this Agreement shall be controlled by the Federal Arbitration Act, in conformity with the procedures of the California Arbitration Act . . . . If CCP § 1284.2 [which provides that the parties shall split the expenses and fees of the arbitrator unless the arbitration agreement provides otherwise or the parties to the arbitration otherwise agree] conflicts with other substantive statutory provisions or controlling case law, the allocation of costs and arbitrator fees shall be governed by said statutory provisions or controlling case law instead of CCP § 1284.2. . . .
>
> *I UNDERSTAND BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND THE COMPANY GIVE UP OUR RIGHTS TO TRIAL BY JURY.*

Sike Reply Decl., Ex. A ("At-Will Employment and Binding Arbitration Agreement") (capitalization and emphasis in original).

Third, Mr. Oguejiofor signed an "Acknowledgment of Receipt and Understanding," which contained an arbitration provision similar to the "At-Will Employment and Binding Arbitration Agreement," except that it provided for arbitration "in conformity with the procedures of the Federal

2

Rules of Civil Procedure" instead of the procedures of the California Arbitration Act. *See id.*, Ex. B (Acknowledgment of Receipt and Understanding).

Finally, Mr. Oguejiofor signed a document titled "Salesperson Compensation Program," which contained the following arbitration provision:

> **Additionally, I understand and voluntarily agree that any disputes regarding the terms of this pay plan or my employment or termination from employment . . . will be resolved exclusively in accordance with binding arbitration governed by the Federal Arbitration Act, and carried out in conformity with the procedures of the California Arbitration Act. Although I understand that signing this arbitration agreement is not required as a condition of my employment, I desire to take advantage of the benefits of arbitration and understand that I give up the right to a trial by jury . . . .**

*Id.*, Ex. C (Salesperson Compensation Program) (emphasis in original).

## II. DISCUSSION

Based on the above documents signed by Mr. Oguejiofor, Nissan has filed the currently pending motion to compel arbitration. In opposition to the motion, Mr. Nissan argues that the agreement to arbitrate which was part of the application for employment is not enforceable for lack of consideration – *i.e.*, "[t]he employer did not provide [him] with anything in exchange for [his] execution of [the] document." Opp'n at 3. Mr. Oguejiofor further argues that this agreement to arbitrate is not enforceable based on unconscionability, both procedural and substantive.

A. Consideration

In its opening brief, Nissan argued that arbitration should be compelled based solely on an agreement that Mr. Oguejiofor had signed when applying for employment with Nissan (*i.e.*, the Applicant's Statement & Agreement). In his opposition brief, Mr. Oguejiofor argued that there was no consideration for this agreement to arbitrate – presumably because Nissan did not promise to hire him in exchange for the agreement or did not even promise to consider his application for employment.

At the hearing, Nissan asserted that there was consideration for this agreement to arbitrate because the application for employment contemplated that, *should* an applicant be accepted as an employee, then there would be arbitration for employment disputes. In other words, Nissan's

3

position was that the consideration for the agreement to arbitration was the employment itself. *See also* Reply at 4 (arguing that "Plaintiff's [e]mployment with Defendant is valuable consideration and in exchange for his execution of this document Plaintiff was employed by Defendant"). The Court rejects Nissan's position. The Applicant's Statement & Agreement provides that, "[i]n the event of my employment to a position in this Company, *I will comply with all rules and regulations of this Company*." Sike Decl., Ex. A (Applicant's Statement & Agreement) (emphasis added). It does not state, in the event of employment, the individual agrees to arbitrate employment disputes. In fact, the agreement provides: "I further agree and acknowledge that the Company and I will utilize arbitration to resolve all disputes that may arise out of the employment context." *Id.* It would appear that the arbitration agreement might apply even if Mr. Oguejiofor had not been hired, *e.g.*, if he tried to sue for discriminatory refusal to hire.

However, the Applicant's Statement & Agreement is not the only document that Mr. Oguejiofor signed. As indicated above, Mr. Oguejiofor signed three other documents, each of which contained an arbitration provision, and each of these documents was signed at or about the time that Mr. Oguejiofor became an employee. Thus, here, Nissan's argument that there was consideration – *i.e.*, "in exchange for his execution of [the] document[s] Plaintiff was employed by Defendant," Reply at 4 – has force. This is true at least for two of the agreements, *i.e.*, the At-Will Employment and Binding Arbitration Agreement and the Acknowledgment of Receipt and Understanding. The Salesperson Compensation Program, on the other hand, specifically states that signing the arbitration agreement is *not* a condition of employment.

That being said, the Court ultimately concludes that there was in fact consideration for each of the agreements to arbitrate, and not just the agreements in the At-Will Employment and Binding Arbitration Agreement and the Acknowledgment of Receipt and Understanding. This is because, under California case law, a *mutual* promise to arbitrate is sufficient to establish consideration.[2] *See*

---

[2] Courts applying non-California law have reached the same conclusion. *See, e.g.*, *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 944 (9th Cir. 2001) (noting that, under Maryland law, consideration exists where there are mutual promises to arbitrate – "'each promise provides consideration for the other'"); *Johnson v. Circuit City Stores, Inc.*, 148 F.3d 373, 377 (4th Cir. 1998) (notably, rejecting argument that no consideration because D never actually agreed to consider application for employment); *Campbell v. Sterling Jewelers*, No. 04 C 5891, 2005 U.S. Dist. LEXIS 7675, at *5-7 (N.D. Ill. Apr. 15, 2005) (noting that, where both parties agreed to submit employment

United States District Court
For the Northern District of California

4

*Strotz v. Dean Witter Reynolds*, 223 Cal. App. 3d 208, 216 (1990) (stating that, "[w]here an agreement to arbitrate exists, the parties' mutual promises to forego a judicial determination and to arbitrate their disputes provide consideration for each other[;] [b]oth parties give up the same rights and thus neither gains an advantage over the other"), *overruled on other grounds by Rosenthal v. Great Western Fin. Secs. Corp.*, 14 Cal. 4th 394 (1996); *United Farmers Ass'n v. Klein*, 41 Cal. App. 2d 766, 770 (1940) (rejecting argument that arbitration agreement was lacking in consideration because it was not unilateral); *cf. Armendariz v. Foundation Health Pscyhcare Servs., Inc.*, 24 Cal. 4th 83, 118 (2000) (noting that agreement requiring employees to arbitrate their wrongful termination claims against the employer but not requiring the employer to arbitrate claims it might have against the employee did not make the agreement lacking in consideration), *abrogated in part on other grounds by AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011).

The Court thus rejects Mr. Oguejiofor's argument that the arbitration agreements are unenforceable for lack of consideration.

B.   Conscionability

Mr. Oguejiofor maintains that, even if there was consideration for the agreement to arbitrate, the agreement is still unenforceable because of unconscionability.

Under California law, there must be both procedural unconscionability and substantive unconscionability before an agreement may be deemed unenforceable. *See Crippen v. Central Valley RV Outlet*, 124 Cal. App. 4th 1159, 1165 (2004) (noting that both procedural and substantive unconscionability must be present, although adding that there is a sliding scale, *e.g.*, the more substantively oppressive the contract terms, the less evidence of procedural unconscionability is required).

In the instant case, Mr. Oguejiofor has adequately demonstrated procedural unconscionability precisely because two of the agreements to arbitrate were imposed as a condition of employment. The recent California Supreme Court authority cited by Nissan establishes such:

> [C]ontract terms imposed as a condition of employment are particularly prone to procedural unconscionability. "[I]n the case of preemployment arbitration contracts, the economic pressure exerted by

---

disputes to arbitration, there was sufficient consideration).

5

> employers on all but the most sought-after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement." Moreover, many employees may not give careful scrutiny to routine personnel documents that employers ask them to sign.

*Sonic-Calabasas A, Inc. v. Moreno*, 51 Cal. 4th 659, 686 (2011); *see also Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1073 (9th Cir. 2007) (stating that, "if an employee has a meaningful opportunity to opt out of the arbitration provision when signing the agreement and still preserve his or her job, then it is not procedurally unconscionable").

Moreover, there is also an element of procedural unconscionability because, given the language in the agreements to arbitrate, it was not clear who had to pay for the costs of arbitration. *See Sonic-Calabasas A*, 51 Cal. 4th at 685 (noting that procedural unconscionability focuses on oppression or surprise due to unequal bargaining power). This lack of clarity is problematic because, plausibly, an employee or applicant for employment would be deterred from initiating an arbitration for fear of incurring costs.

The problem for Mr. Oguejiofor is that procedural unconscionability alone is not sufficient; as noted above, substantive unconscionability is also required before an agreement to arbitration may be deemed unenforceable due to unconscionability. In his papers, Mr. Oguejiofor argues that there was substantive unconscionability because the agreement to arbitrate was silent as to who would pay for the cost of arbitration. While this silence, as indicated above, contributes to the Court's finding of procedural unconscionability, it does not establish substantive unconscionability.

Under the California Arbitration Act (whose procedures were adopted by three of the agreements), "each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator" if the agreement is silent. Cal. Code Civ. Proc. § 1284.2. Thus, it would appear that, in the instant case, under the terms of the arbitration agreements, an employee would have to split the cost of the arbitration with the employer. While the Ninth Circuit has held that such fee-splitting by itself is enough to render an arbitration agreement unenforceable, *see Circuit City Stores v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002), the California Supreme Court has since clarified that in the face

6

1 of a silent agreement, costs unique to arbitration will be imposed on employers where unwaivable
2 statutory rights are at stake (*e.g.*, rights under the California Fair Employment and Housing Act,
3 which are at issue in the instant case). *See Little v. Auto Stiegler*, Inc., 29 Cal. 4th 1064, 1084
4 (2003) (relying on *Armendariz*). In other words, *Little* effectively overrides Cal. Code Civ. Pro. §
5 1284.2.

6 Notably, at least one of the agreements signed by Mr. Oguejiofor (*i.e.*, the "At-Will
7 Employment and Binding Arbitration Agreement") contemplates the application of *Little*. The
8 agreement expressly states that § 1284.2 does not apply if it "conflicts with other substantive
9 statutory provisions or controlling case law" and that "the allocation of costs and arbitrator fees shall
10 be governed by said statutory provisions or controlling case law instead of CCP § 1284.2." Sike
11 Reply Decl., Ex. A ("At-Will Employment and Binding Arbitration Agreement"). In light of this
12 provision, the rule articulated in *Little* specifically applies instead of § 1284.2, and thus there is no
13 unconscionable fee-splitting in the case at bar.[3] The Court emphasizes, however, that this only
14 establishes that there is no substantive unconscionability. As noted above, the above provisions are
15 factually unclear and introduce an element of procedural unconscionability. As noted at the hearing,
16 Nissan would be well advised to amend the language of the arbitration provisions and make the
17 application of *Little* clear and explicit.

18 That being said, the absence of substantive unconscionability is dispositive and compels
19 arbitration in this case. In the absence of substantive unconscionability, the agreements to arbitrate
20 may not be deemed unconscionable and unenforceable.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

[3] Nissan also conceded at the hearing that, under *Little*, it has an obligation to pay all costs and expenses unique to arbitration, including but not limited to the arbitrator's fee.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that the agreement to arbitrate is enforceable and accordingly grants Nissan's motion to compel arbitration. The Court further grants Nissan's request to stay this litigation pending the outcome of the arbitration. *See* 9 U.S.C. § 3.

This order disposes of Docket No. 12.

IT IS SO ORDERED.

Dated: September 2, 2011

_____
EDWARD M. CHEN
United States District Judge